IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | | |
|---|---|---|
| HUGH J. ROBINSON, | ) | Cause No. CV 10-14-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION OF |
| BUTTE CITY COURT, | ) | U.S. MAGISTRATE JUDGE |
| | ) | |
| Respondent. | ) | |

_____

On March 24, 2010, Petitioner Hugh Robinson wrote a letter to United States District Judge Richard F. Cebull objecting to certain aspects of a case filed against Robinson in the Butte City Court. He also filed two additional Notices on April 12, 2010, and on April 14, 2010. Court Docs. 3, 4. Because Robinson's concerns involve his appearances in Butte City Court, the letter is properly construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Letter (Court Doc. 1) at 2 ¶ 6 (requiring Robinson's appearance at an omnibus hearing); Hensley v. Municipal

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

Court, 411 U.S. 345, 351 (1973).  Robinson is proceeding pro se.

Robinson states, "If it is within your Constitutional Authority, I respectfully request that you issue an order that overrules that issued by Butte City Court [J]udge Kambich at your earliest possible convenience." Letter (doc. 1) at 3.

It is not within this Court's authority to do what Robinson asks.  The United State Supreme Court has held that "[s]ince the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." Younger v. Harris, 401 U.S. 37, 43 (1971).  City courts are established by the legislature of the State of Montana.  Mont. Code Ann. § 3-1-101. Consequently, Robinson must pursue his remedies in the state's court system, and do so in accordance with the state's procedural law, before he may ask a federal court to consider his claims.  In Younger, 401 U.S. at 45, the United States Supreme Court explained:  "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."

Most of Robinson's claims allege that the charges against him are unfounded or that the process or protections to which he is entitled have

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

not been given him. These claims do not allow this Court to ignore Younger. These claims put him in no different position than anyone else who is not guilty or who believes unfair or abusive procedures have been used. E.g., Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam) (under authority of Younger, declining to entertain a petition claiming that the state lacked probable cause to bind a defendant over for trial when proceedings against defendant were ongoing in state court). Robinson must attempt to vindicate his position in accordance with state law before he may proceed in federal court.

There is one exception among Robinson's claims. If he believes that his right to a speedy trial has been violated, he might not be required to await an appeal after conviction to vindicate that right. However, even a speedy trial claim must first be presented in the courts of the State of Montana in a manner that complies with state law, and the Montana courts may choose to defer the issue until after proceedings in the trial court are concluded. E.g., Carden v. Montana, 626 F.2d 82, 83-85 (9th Cir. 1980).

The federal court is not authorized to act in Robinson's case at this time. His letter, treated as a petition, should be dismissed. A certificate

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3

of appealability should be denied because there is no room for debate about the appropriate procedure here.  Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Robinson's letter, construed as a petition for writ of habeas corpus under 28 U.S.C. § 2241, should be DISMISSED.

2.  The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3.  A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is

made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Petitioner must immediately inform the Court of any change in his mailing address.</u>

DATED this 15th day of April, 2010.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge